**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jennifer Rae Heglund and
Jamie Lee Heglund,

Plaintiffs,

v.

**AMENDED MEMORANDUM OPINION AND ORDER**
Civil No. 14-296 ADM/LIB

Aitkin County, City of Aitkin, City of Babbitt, City of Biwabik, City of Breitung, City of Chisholm, City of Cloquet, Cook County, City of Cook, Crow Wing County, City of Deer River, Douglas County, City of Duluth, City of Ely, City of Emily, City of Eveleth, City of Floodwood, City of Forest Lake, City of Gilbert, City of Grand Rapids, Hennepin County, City of Hermantown, City of Hibbing, Hill City, City of Hoyt Lakes, City of International Falls, Itasca County, City of Keewatin, Lake County, City of Leech Lake, City of Maple Grove, City of Minneapolis, City of Nashwauk, Norman County, City of Orono, Pine County, Ramsey County, City of Roseau, City of Sartell, Scott County, Sherburne County, City of St. James, St. Louis County, City of St. Paul, City of Two Harbors, City of Virginia, Washington County, Winona County, Michael Campion, in his individual capacity as the Commissioner of the Department of Public Safety, Ramona Dohman, in her individual capacity as the Commissioner of the Department of Public Safety, John and Jane Does (1-600), acting in their individual capacities as supervisors, officers, deputies, staff, investigators, employees or agents of the other governmental agencies, Department of Public Safety Does (1-30), acting in their individual capacity as officers, supervisors, staff, employees, independent contractors or agents of the Minnesota Department of Public Safety, and Entity Does (1-100), including cities, counties, municipalities, and other

entities sited in Minnesota,

Defendants.

---

Lorenz F. Fett, Jr., Esq., Sonia L. Miller-Van Oort, Esq., Kenneth H. Fukuda, Esq., and Jonathan A. Strauss, Esq., Sapientia Law Group, Minneapolis, MN, on behalf of Plaintiffs.

Erin E. Benson, Esq., Margaret A. Skelton, Esq., and Timothy A. Sullivan, Esq., Ratwik Roszak & Maloney, PA, Minneapolis, MN, on behalf of Defendants Aitkin County, Cook County, Crow Wing County, Douglas County, Itasca County, Lake County, Norman County, Pine County, Scott County, Sherburne County, Washington County, and Winona County.

Jon K. Iverson, Esq., Stephanie A. Angolkar, Esq., and Susan M. Tindal, Esq., Iverson Reuvers Condon, Bloomington, MN, on behalf of Defendants City of Aitkin, City of Babbitt, City of Biwabik, City of Breitung, City of Chisholm, City of Cook, City of Deer River, City of Ely, City of Emily, City of Eveleth, City of Floodwood, City of Forest Lake, City of Gilbert, City of Grand Rapids, City of Hermantown, City of Hibbing, Hill City, City of Hoyt Lakes, City of International Falls, City of Keewatin, City of Leech Lake, City of Maple Grove, City of Nashwauk, City of Orono, City of Roseau, City of Sartell, City of St. James, City of Two Harbors, and City of Virginia.

William T. Helwig, Esq., and Frank B. Yetka, Esq., Rudy Gassert Yetka Pritchett & Helwig, P.A., Cloquet, MN, on behalf of Defendant City of Cloquet.

Mark P. Hodkinson, Esq., Bassford Remele, PA, Minneapolis, MN, on behalf of City of Cook.

Nathan N. LaCoursiere, Esq., and M. Alison Lutterman, Esq., Duluth City Attorney's Office, on behalf of Defendant City of Duluth.

Toni A. Beitz, Esq., Beth A. Stack, Esq., and Daniel D. Kaczor, Esq., Hennepin County Attorney's Office, Minneapolis, MN, on behalf of Defendant Hennepin County.

Darla J. Boggs, Esq., Office of the City Attorney, Minneapolis, MN, on behalf of Defendant City of Minneapolis.

Kimberly R. Parker, Esq., and Robert B. Roche, Esq., Ramsey County Attorney's Office, St. Paul, MN, on behalf of Defendant Ramsey County.

Nick D. Campanario, Esq., St. Louis County Attorney's Office, Duluth, MN, on behalf of Defendant St. Louis County.

Portia M. Hampton-Flowers, Esq., Office of the St. Paul City Attorney, St. Paul, MN, on behalf of Defendant City of St. Paul.

Oliver J. Larson, Esq., Minnesota Attorney General's Office, St. Paul, MN, on behalf of Defendants Michael Campion and Ramona Dohman.

---

***** This Amended Memorandum Opinion and Order is being issued to correct an error in the July 22, 2014 Memorandum Opinion and Order [Docket No. 132], appearing in the first paragraph of page 8. On November 15, 2012, someone at the Virginia Police Department looked up Jennifer Heglund's name in the DVS database. See Compl. [Docket No. 1] Ex. A at 15. This entry was overlooked, causing the Court to inadvertently dismiss Defendant City of Virginia on statute of limitations grounds. This correction, the removal of "Virginia" from the list of dismissed parties, is the only substantive change from the July 22, 2014 Order. The July 22, 2014 Memorandum Opinion and Order [Docket No. 132] is hereby vacated and replaced with this Memorandum Opinion and Order.**

## I. INTRODUCTION

Before the Court are Defendants' motions to dismiss, judgment on the pleadings, and/or motions to sever [Docket Nos. 21 (Michael Campion and Ramona Dohman), 26 (City of Aitkin, City of Babbitt, City of Biwabik, City of Breitung, City of Chisholm, City of Deer River, City of Ely, City of Emily, City of Eveleth, City of Floodwood, City of Forest Lake, City of Gilbert, City of Grand Rapids, City of Hermantown, City of Hibbing, Hill City, City of Hoyt Lakes, City of International Falls, City of Keewatin, City of Leech Lake, City of Maple Grove, City of Nashwauk, City of Orono, City of Roseau, City of Sartell, City of St. James, City of Two Harbors, City of Virginia), 36 (City of St. Paul), 41 (City of Minneapolis), 45 (Hennepin County), 51 (Ramsey County), 56 (City of Duluth), 60 (St. Louis County), 84 (Aitkin County, Cook County, Crow Wing County, Douglas County, Itasca County, Lake County, Norman

County, Pine County, Scott County, Sherburne County, Washington County, Winona County), 95 (City of Cook), 107 (City of Cloquet)]. Plaintiffs Jennifer and Jamie Heglund oppose all of the above motions.

## II. BACKGROUND

The Driver and Vehicle Services Division of the Minnesota Department of Public Safety ("DPS") maintains a password protected database of Minnesota drivers' motor vehicle records ("DVS database"), which includes each licensed driver's name, date of birth, driver's license number, address, photograph, weight, height, eye color, social security number, and some limited health and disability information. Compl. [Docket No. 1] ¶¶ 101-02. Law enforcement personnel and other state agency employees have access to the DVS database through either a DVS website or a system operated by the Bureau of Criminal Apprehension. Each state employee who is authorized access is issued a password allowing entry to the DVS database.

In 2013, Plaintiffs requested and received an audit report prepared by the DPS. Id. ¶ 407. The report reflects that law enforcement or other state agency employees with DVS passwords viewed Plaintiffs' driver's license information at various times and from various locations from 2003-2013. Compl. Exs. A and B ("DPS Audit" for Jennifer and Jamie Heglund, respectively) "Upon information and belief," Plaintiffs allege each of these views, or "look-ups," was illegal, that is, viewed without a federally-permitted purpose. Compl. ¶¶ 1, 7.

Jennifer Heglund ("Jennifer") is a former law enforcement officer. From 1997-2001, Jennifer worked for Biwabik, Hoyt Lakes, and Eveleth Police Departments. Starting in 2001, Jennifer worked for the St. Louis County Sheriff's Department until her employment ended in 2012 following her injury in an on-duty car accident. Id. ¶¶ 75-80.

Jennifer was divorced from her first husband in 2005. Id. ¶ 84. Her ex-husband is a Minnesota State Trooper. Id. ¶ 85. Jamie Heglund ("Jamie") is Jennifer's husband; they started dating in 2007 and were married in 2009. Id. ¶¶ 94-95. Jamie owns a landscaping business. Id. ¶ 91. Jennifer's ex-husband has allegedly harassed Jamie on several occasions and Jennifer is concerned that her ex-husband has been accessing her and her husband's private information. Id. ¶¶ 98-99. Jennifer claims that her DVS information was looked up 446 times between 2003 and 2013. See DPS Audit. Jamie claims that his information was looked up 34 times between 2006 ant 2013. See Id.

Plaintiffs filed this case January 31, 2014, alleging there is a pattern to the look-ups that demonstrates that their information was not sought in the course of legitimate state agency work or a law-enforcement function. First, Plaintiffs suspect that if there was a legitimate purpose to the look-ups, they would not expect both Jamie and Jennifer's information to be looked up together on several occasions within a very short period of time on the same day. Particularly suspect, in Plaintiffs' view, are look-ups done in the middle of the night in St. Louis County where Jennifer worked during much of the relevant time period. The Heglunds extrapolate from these look-ups that state agencies and law enforcement offices in other Counties and Cities accessed the Heglunds' information for suspect reasons, even if the look-ups occurred during the day or at relatively remote locations.

## III. DISCUSSION

### A. DPPA

This case is one of many very similar cases brought in this jurisdiction under the Federal Driver's Privacy Protection Act ("DPPA").[1] The DPPA prohibits "any person" from "knowingly . . . obtain[ing] or disclos[ing] personal information, from a motor vehicle record, for any use not permitted under Section 2721(b) of this title." 18 U.S.C. § 2722. As defined by the Act, "personal information" means basic identification information including name, photograph, address, social security number, and driver's license number. See id. § 2725(3). The Act lists numerous permitted uses, including "use by any government agency, including any court or law enforcement agency, in carrying out its functions . . . ." Id. § 2721(b)(1). The circuit courts which have addressed the issue of burden of proof have held the plaintiff has the burden of proving each element of the civil claim, including whether the retrieval was for a "purpose not permitted" by the Act. See Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A., 525 F.3d 1107, 1110-14 (11th Cir. 2008); Maracich v. Spears, 675 F.3d 281, 299-300 (4th Cir. 2012); Howard v. Criminal Info. Servs., Inc., 654 F.3d 887, 890-91 (9th Cir. 2011).

### B. Statute of Limitations

As an initial matter, DPPA claims are subject to a four-year statute of limitations. 28

---

[1] There are at least 28 such cases in the United States District Court of Minnesota, many of which have been dismissed, either in whole or in part. See Ray v. Anoka Cnty., No. 14-539, 2014 U.S. Dist. LEXIS 75792 (D. Minn. June 3, 2014) (Magnuson, J.) (listing cases); Potocnik v. Carlson, No. 13-2093, 2014 U.S. Dist. LEXIS 38018 (D. Minn. Mar. 24, 2014) (Schiltz, J.); Smythe v. City of Onamia, No. 12-3149, 2013 U.S. Dist. LEXIS 78948 (D. Minn. June 5, 2013). As Judge Magnuson aptly noted in Ray, there is little purpose in offering an "affectation of research and a pretense of authorship and originality." Instead, the Court will concentrate on the facts which Plaintiffs claim make this case unique. See Ray, 2014 U.S. Dist. LEXIS 75792, at *7-8.

U.S.C. § 1658(a). Defendants argue that since Plaintiffs filed their Complaint on January 31, 2014, the statute of limitations bars claims made against look-ups occurring before January 31, 2010. Plaintiffs argue that pre-January 31, 2010 claims are not barred because the discovery rule applies, and the Plaintiffs did not learn of the alleged look-ups until they obtained the audit report in 2013.

Resolution of this issue depends upon whether the "discovery rule" or "occurrence rule" applies to the limitations period under the DPPA. Under the discovery rule, "a cause of action accrues and the statute of limitations begins to run when the plaintiff discovers, or with due diligence should have discovered, the injury which is the basis of the litigation." Comcast of Ill. X v. Multi-Vision Elecs., Inc., 491 F.3d 938, 944 (8th Cir. 2007). Under the occurrence rule, the cause of action accrues and the statute of limitations begins to run when the injury occurs. Gabelli v. Sec. & Exch. Comm'n, 133 S. Ct. 1216, 1220 (2013).

The Court finds Judge Patrick J. Schiltz's analysis in Potocnik, 2014 U.S. Dist. Lexis 38018, at *22-34, to be persuasive. Judge Schiltz describes the choice between the discovery rule and the occurrence rule to be a difficult question. Potocnik, 2014 U.S. Dist. Lexis 38018, at *23. But, in reviewing the case law, Judge Schiltz reasons the occurrence rule is "standard" and the discovery rule is an "exception." Id. (citing Gabelli, 133 S. Ct. at 1220-21). Since the discovery rule is the exception, the Court should determine "whether anything about a DPPA claim would justify application of the discovery rule." Id. at *30. In the final analysis,

> Undoubtedly, application of the occurrence rule will cause some people to lose valid claims about which they had no reason to be aware. But application of the discovery rule would indefinitely extend the limitations period for plaintiffs who suffer no actual damages while doing little or nothing to help plaintiffs who suffer precisely the kind of harm that prompted passage of the DPPA. The Court believes it far more likely that Congress intended the former, rather than the latter, of these two imperfect

> scenarios. See Rotella v. Wood, 528 U.S. 549, 554 (2000) (rejecting a discovery rule that "might have extended the limitations period to many decades, and so beyond any limit that Congress could have contemplated" because "[p]reserving a right of action for such a vast stretch of time would have thwarted the basic objective of repose underlying the very notion of a limitations period").

Id. at *33. As a result, claims based on look-ups occurring before January 31, 2010, are time-barred. Therefore, it appears there are no timely claims brought against the Cities of Aitkin, Babbitt, Biwabik, Breitung, Chisholm, Deer River, Ely, Emily, Eveleth, Floodwood, Forest Lake, Gilbert, Hermantown, Hill City, Hoyt Lakes, International Falls, Keewatin, Leech Lake, Maple Grove, Nashwauk, Orono, Roseau, Sartell, St. James, Two Harbors, St. Paul, Minneapolis, Cook, Duluth, and Cloquet. These cities are dismissed from this lawsuit without further analysis. In addition, no timely claims have been brought against the Counties of Hennepin, Ramsey, Aitkin, Cook, Crow Wing, Douglas, Itasca, Lake, Norman, Pine, Scott, Sherburne, Washington, and Winona. These counties are similarly dismissed.

**C. Remaining Look-Up Claims**

The searches within the statute of limitations period, that is since January 31, 2010, are summarized as follows:

Jennifer Heglund's information was looked up at the District Courts for the State of Minnesota once, the Grand Rapids Police Department five times*,[2] the Hibbing Driver's License Office twice, and the St. Louis County Sheriff's Office 18 times* between February 1, 2010, and November 15, 2012. Jamie Heglund's information was looked up at the Department of Human Services once, and the St. Louis Sheriff's Office five times between February 26, 2010 and April

[2] Look-ups that include searches made by the same entity at the same time are given an asterisk because they are likely duplicates of a single look-up, but for purposes of this motion are counted separately.

26, 2011.

**D. Motion to Dismiss Standard**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994) (citation omitted). However, the factual allegations must "raise a right to relief above the speculative level," and push claims "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In other words, the complaint must establish more than a "sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. In doing so, the court must draw reasonable inferences in the plaintiff's favor, but it need not make unreasonable inferences or accept unrealistic assertions. See Brown v. Medtronic, Inc., 628 F.3d 451, 461 (8th Cir. 2010).

**E. DPPA and Law Enforcement Exception**

Congress enacted the DPPA as part of legislation designed to prevent stalking, harassment, and related crimes. See Margan v. Niles, 250 F. Supp. 2d 63, 68-69 (N.D.N.Y. 2003) (citations omitted). At the same time, the legislative history reflects the legitimate need for state agencies, especially law enforcement, to have access to citizen information to promote the efficient provision of services. Essential to achieving this objective was the Act's law

enforcement exception. This exception "'provides law enforcement agencies with latitude in receiving and disseminating this personal information,' when it is done 'for the purpose of deterring or preventing crime or other legitimate law enforcement functions.'" Senne v. Vill. of Palatine, Ill., 695 F.3d 597, 607-08 (quoting 139 Cong. Rec. S15,962 (daily ed. Nov. 17, 1993) (statement of Sen. Thomas Harken)). In short, the legislative history recognizes law enforcement's "legitimate need for information contained in state records and the authority to use that information to effectuate the purposes identified in the Act without fear of liability." Id. at 608.

Even so, an officer who retrieves motor vehicle records has violated the DPPA unless the retrieval was done so for a permitted purpose, such as for a law enforcement function. In other words, an officer may violate the DPPA if he or she retrieves motor vehicle records even if the information is not misused; simply retrieving records without a permitted purpose is a violation. By way of illustration, a police officer might retrieve a celebrity's motor vehicle records out of curiosity to learn the celebrity's age or weight. By doing so, the officer has accessed a motor vehicle record under § 2724(a), but has done so without one of the permitted purposes listed in § 2721(b). As a result, this simple act of retrieval, without any further action, would violate the DPPA.

The district courts thus must attempt to distinguish cases which allege plausible claims from cases where plaintiffs engage in speculation that does not rise to the level of plausibility. For example, in Mallak v. Aitkin Cnty., No. 13-2119, 2014 U.S. Dist. LEXIS 43349, *28 (D. Minn. Mar. 31, 2014) (Frank, J.), the district court found plaintiff's allegations plausible where the plaintiff alleged: (1) look-ups "made by name, not license plate number;" (2) 190 record

retrievals; (3) a Minnesota state report of misuse of databases by the defendants; (4) the plaintiff was well-known by the defendants because of her work as an attorney in the community, especially in the counties with the greatest number of look-ups; and (5) searches for the plaintiff's information were conducted at three and four o'clock in the morning. Id.; see also Smythe, 2013 U.S. Dist. LEXIS 78948 (finding complaint alleged plausible claim under DPPA based on plaintiff's allegations of a detailed, long, and contentious history of a personal relationship between plaintiff and an individually identified law enforcement officer). On the other hand, Judge Frank acknowledged "access-volume alone is not enough," Mallak, 2014 U.S. Dist. LEXIS 43349, at *30.

Many DPPA cases have been dismissed where the plaintiff has not alleged a "connection or interaction between an identifiable law enforcement officer and the plaintiff, from which the asserted impropriety of the officer's retrieval of the plaintiff's data can be plausibly inferred." Ray, 2014 U.S. Dist. LEXIS 75792, at *13. "The timing of acquisitions is irrelevant," the court reasoned, "because police work is not confined to a typical workday." Id. In Ray, the plaintiff contended that her allegations were adequate to survive a motion to dismiss because she alleged a personal connection with defendants. Id. Ray stated that her ex-husband was a retired law enforcement officer and that he had friends in law enforcement. But the plaintiff made no effort to specifically link her ex-husband and his friends to the underlying alleged DPPA violations. Id.; see also Potocnik v. Anoka Cnty., No. 13-1103, 2014 U.S. Dist. LEXIS 21845 (D. Minn. Feb. 21, 2014) (Doty, J.) (dismissing complaint where the plaintiff "asks the court to speculate and conclude—solely from the number of times defendants allegedly accessed the record—that the purposes of law enforcement personnel were impermissible"); Bass v. Anoka Cnty., No. 13-

860, 2014 U.S. Dist. LEXIS 21846 (D. Minn. Feb. 21, 2014) (Doty, J.) (same); Mitchell v. Aitkin Cnty., No. 13-2167, 2014 U.S. Dist. LEXIS 27089 (D. Minn. Mar. 4, 2014) (Ericksen, J.) (dismissing claims based on the plaintiff's status as a television personality, with its attendant publicity, because status did not address the fundamental question in DPPA cases: "the impropriety of the data retrieval by each individual officer.").

**1. Commissioner Defendants**

Plaintiffs allege Defendants Michael Campion, Commissioner of the Department of Public Safety, Ramona Dohman, Commissioner of the Department of Public Safety, and DPS Does "were and are responsible for creating, maintaining, and providing access to the database that included Plaintiffs' Private Data." Compl. ¶ 538. It is alleged that the "disclosure of [the Heglunds'] information was made by providing a user account and a password without reasonably requiring or ensuring that accesses would be limited to those for a legitimate purpose." Id. ¶ 337.

"To be liable under the DPPA, the Defendants themselves must have acted with an impermissible purpose." Kampschroer v. Anoka County, 13-2512, 2014 U.S. Dist. LEXIS 90830 (D. Minn. July 3, 2014) (listing cases holding the same). Because the Heglunds do not allege that Campion, Dohman, and DPS Does knowingly obtained, disclosed, or used Plaintiffs' personal information from the DVS Database for a purpose not permitted, the Court dismisses the DPPA claims against these Defendants.

**2. Remaining Defendants**

With respect to the remaining Defendants, the Complaint alleges a plausible claim. As in Mallak, the look-ups alleged were made by name, not license plate number, the Plaintiffs

reference the Minnesota state reported misuse of databases; and one of the Plaintiffs, Jennifer, is well-known by defendants by virtue of her work as a law enforcement officer in the area where a majority of the look-ups are identified. The majority of the look-ups occurred in St. Louis County where Jennifer was best known, and Jennifer has identified her ex-husband as a likely suspect behind the look-ups. Jennifer also identifies look-ups occurring in the middle of the night.[3] In addition, the Heglunds were looked-up at almost the same time on at least two occasions. And, Plaintiffs allege Jamie has been harassed by Jennifer's ex-husband, a Minnesota State Trooper who would have had access to the DVS database during the time in question. Although the number of look-ups is not as numerous as in Mallak, the additional supporting facts alleged push the Heglunds' claims from merely possible to plausible.

**F. 42 U.S.C. § 1983 Claims**

"A claim under 42 U.S.C. § 1983 imposes liability on anyone who, under the color of state law, deprives a person of rights secured by either the Constitution or federal laws." Kampschroer, 2014 U.S. Dist. LEXIS 90830, at *33. Courts in this district have repeatedly found the "comprehensive nature of the DPPA's remedial scheme . . . indicate[s] Congress's intent to foreclose a remedy under § 1983." Id. (internal quotations omitted). Therefore, Plaintiffs' § 1983 claims based on an underlying DPPA violations are dismissed. See id. at *33-39.

[3] Look-ups in the middle of the night, on their own, are not enough. In this case, the additional facts support the claims.

**G. Invasion of Privacy**

Plaintiffs lastly allege a common-law invasion-of-privacy claim for intrusion upon seclusion. Under Minnesota law, "[i]ntrusion upon seclusion occurs when one 'intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person.'" Rasmusson v. Chisago Cnty., No. 12-632, 2014 U.S. Dist. LEXIS 3102, *9 (D. Minn. Jan. 10, 2014) (Nelson, J.) (quoting Lake v. Wal-Mart Stores, Inc., 582 N.W.2d 231, 233 (Minn. 1998)). "The tort has three elements: (a) an intrusion; (b) that is highly offensive; and (c) into some matter in which a person has a legitimate expectation of privacy." Id. (quoting Swarthout v. Mut. Serv. Life Ins. Co., 632 N.W.2d 741, 744 (Minn. Ct. App. 2001)).

Courts in this district have already determined in similar cases that accessing motor vehicle records is insufficient to meet the "high threshold of offensiveness and expectation of privacy[.]" Id.; see also Potocnik, 2014 U.S. Dist. LEXIS 38018, at *17-18; Bass, 2014 U.S. Dist. LEXIS 21846, at *7; McDonough v. Al's Auto Sales, Inc., No. 13-1889, 2014 U.S. Dist. LEXIS 21847, at *7 (D. Minn. Feb. 21, 2014); Mallak, 2014 U.S. Dist. LEXIS 43349, at *13-14. Consistent with these cases, Plaintiffs' claims for intrusion upon seclusion is dismissed.

**H. Severance**

Defendants move in the alternative to sever the claims, i.e., to address claims against each Defendant individually, rather than as a group.

The Federal Rules of Civil Procedure, Rule 20, permits joinder of defendants if:

> (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and,

(2) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). A court assesses whether claims are reasonably related on a case-by-case basis. Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

The DPS Audit shows that Plaintiffs' driver's license information was looked-up at different locations throughout Minnesota, especially in Northeast Minnesota, in the area where Jennifer Heglund worked for several law enforcement agencies. In addition, Jennifer Heglund's ex-husband is a Minnesota State Trooper who could have used his password to access the Heglund's information from whatever office he might have visited in the area. Therefore, it is plausible that these events may have arisen out of the related events. Additionally, all questions of law are common to all Defendants. The requirements of Rule 20 are met, and the Court denies Defendants' motions to sever.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Michael Campion and Ramona Dohman's Motion to Dismiss [Docket No. 21] is **GRANTED**, consistent with this Order;
2. Defendants City of Aitkin, City of Babbitt, City of Biwabik, City of Breitung, City of Chisholm, City of Deer River, City of Ely, City of Emily, City of Eveleth, City of Floodwood, City of Forest Lake, City of Gilbert, City of Grand Rapids, City of Hermantown, City of Hibbing, Hill City, City of Hoyt Lakes, City of International Falls, City of Keewatin, City of Leech Lake, City of Maple Grove, City of Nashwauk, City of Orono, City of Roseau, City of Sartell, City of St.

James, City of Two Harbors, City of Virginia's Motion to Dismiss and in the Alternative to Sever [Docket No. 26] is **GRANTED IN PART** and **DENIED IN PART**, consistent with this Order;

3. Defendant City of St. Paul's Motion to Dismiss and Alternative Motion to Sever [Docket No. 36] is **GRANTED**, consistent with this Order;

4. Defendant City of Minneapolis' Motion to Dismiss or to Sever [Docket No. 41] is **GRANTED**, consistent with this Order;

5. Defendant Hennepin County's Motion to Dismiss and/or Sever [Docket No. 45] is **GRANTED**, consistent with this Order;

6. Defendant Ramsey County's Motion to Dismiss or for Severance [Docket No. 51] is **GRANTED**, consistent with this Order;

7. Defendant City of Duluth's Motion to Dismiss and/or Sever [Docket No. 56] is **GRANTED**, consistent with this Order;

8. Defendant St. Louis County's Motion to Dismiss [Docket No. 60] is **DENIED**, consistent with this Order;

9. Defendants Aitkin County, Cook County, Crow Wing County, Douglas County, Itasca County, Lake County, Norman County, Pine County, Scott County, Sherburne County, Washington County, Winona County's Motion to Dismiss and/or Sever [Docket No. 84] is **GRANTED**, consistent with this Order;

10. Defendant City of Cook's Motion for Judgment on the Pleadings and/or Sever [Docket No. 95] is **GRANTED**, consistent with this Order;

11. Defendant City of Cloquet's Motion for Judgment on the Pleadings and/or Sever [Docket No. 107] is **GRANTED**, consistent with this Order.

**The July 22, 2014 Memorandum Opinion and Order [Docket No. 132] is hereby vacated and replaced with this Memorandum Opinion and Order.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 5, 2014.