# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jennifer Rae Heglund and
Jamie Lee Heglund,

        Plaintiffs,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 14-296 ADM/LIB

Aitkin County; City of Aitkin; City of Babbitt; City of Biwabik; City of Breitung; City of Chisholm; City of Cloquet; Cook County; City of Cook; Crow Wing County; City of Deer River; Douglas County; City of Duluth; City of Ely; City of Emily; City of Eveleth; City of Floodwood; City of Forest Lake; City of Gilbert; City of Grand Rapids; Hennepin County; City of Hermantown; City of Hibbing; City of Hill City; City of Hoyt Lakes; City of International Falls; Itasca County; City of Keewatin; Lake County; City of Leech Lake; City of Maple Grove; City of Minneapolis; City of Nashwauk; Norman County; City of Orono; Pine County; Ramsey County; City of Roseau; City of Sartell; Scott County; Sherburne County; City of St. James; St. Louis County; City of St. Paul; City of Two Harbors; City of Virginia; Washington County; Winona County; Frank Schref, acting in his individual capacity as the Assistant Chief of the Grand Rapids Police Department; William Evans, acting in his individual capacity as a Deputy of the St. Louis County Sheriff's Office; Kevin Friebe, acting in his individual capacity as a Sergeant of the St. Louis County Sheriff's Office; Eric Hanegmon, acting in his individual capacity as a Deputy of the St. Louis County Sheriff's Office; David Lovaas, acting in his individual capacity as Deputy of the St. Louis County Sheriff's Office; Diane McComesky, acting in her

individual capacity as an employee of St. Louis County; Linda Smith, acting in her individual capacity as an employee of the St. Louis County Sheriff's Office; Wayne Toewe, acting in his individual capacity as a Deputy of the St. Louis County Sheriff's Office; Kenneth Weis, acting in his individual capacity as a Deputy of the St. Louis County Sheriff's Office; Roberta Nyland; Michael Campion, in his individual capacity as the Commissioner of the Department of Public Safety; Ramona Dohman, in her individual capacity as the Commissioner of the Department of Public Safety; John and Jane Does (1 - 600) acting in their individual capacity as supervisors, officers, deputies, staff, investigators, employees or agents of the other governmental agencies; Department of Public Safety Does (1-30) acting in their individual capacity as officers, supervisors, staff, employees, independent contractors or agents of the Minnesota Department of Public Safety; and Entity Does (1-100) including cities, counties, municipalities, and other entities sited in Minnesota,

                    Defendants.

―――――――――――――――――――――――――――――――――――――――――――――――

Sonia L. Miller-Van Oort, Esq., Sapientia Law Group, Minneapolis, MN, on behalf of Plaintiffs.

Susan M. Tindal, Esq., Iverson Reuvers Condon, Bloomington, MN, on behalf of Defendants City of Grand Rapids and City of Virginia.

―――――――――――――――――――――――――――――――――――――――――――――――

## I.  INTRODUCTION

On March 23, 2015, the undersigned United States District Judge heard oral argument on City of Grand Rapids ("Grand Rapids") and City of Virginia's ("Virginia") (collectively, the

"Defendants") Motion for Summary Judgment [Docket No. 158].[1]  Plaintiffs Jennifer Rae Heglund and Jamie Lee Heglund (collectively, the "Plaintiffs") oppose the motion.  For the reasons set forth below, Defendants' motion is denied.

## II.  BACKGROUND

This is an action alleging violations of the federal Driver's Privacy Protection Act ("DPPA").  Plaintiffs originally sued nearly three dozen Minnesota cities, over one dozen Minnesota counties, the current and former Commissioner of the Department of Public Safety ("DPS"), unknown DPS employees, unknown individuals, and unknown entities, including cities, counties, and municipalities, as defendants.  In a July 22, 2014 Order [Docket No. 132], amended on September 5, 2014 [Docket No. 138], Plaintiffs' claims against multiple cities and counties were dismissed on statute of limitations grounds.  See Heglund v. Aitkin Cnty., No. 14-296, 2014 WL 4414821, at *3 (D. Minn. Sept. 5, 2014) ("Dismissal Order").  Plaintiffs' invasion of privacy and Section 1983 claims, as well Plaintiffs' claims against the former and current DPS Commissioners were also dismissed.  See id. at *6-**7**.

Although the complete background has been fully recited in the Dismissal Order, a brief summary of the alleged facts from the Complaint [Docket No. 1] will be provided.  Jennifer Heglund ("Jennifer")[2] is a former law enforcement officer who, between 1996 and 2012, worked for the Biwabik police department, the Hoyt Lakes Police Department, the Eveleth Police Department, and the St. Louis County Sheriff's Department.  Compl. ¶¶ 74-79, 91.  Prior to her

---

[1] On March 23, 2015, the parties agreed to dismiss the City of Virginia.  Stipulation [Docket No. 181].

[2] Since the Plaintiffs have the same last name, first names will be used to distinguish between the two.

current marriage to Jamie Heglund ("Jamie"), Jennifer was married to a Minnesota State Trooper. Id. ¶¶ 82, 84. The couple divorced in 2005. Id. ¶ 85. Jennifer alleges her ex-husband has harassed her and Jamie on multiple occasions and Jennifer is concerned he has obtained both her and Jamie's private information. Id. ¶¶ 98-99.

In 2013, Plaintiffs contacted the Minnesota DPS and requested an audit to determine if their private information had been viewed by access to the Minnesota Driver and Vehicle Services Division database. Id. ¶¶ 401, 407. The audit revealed that between 2003 and 2013, individual defendants had accessed Jennifer's personal information 446 times. Id. ¶ 2, 105-06, 114-305, 426. The audit further revealed that, between 2006 and 2013, individual defendants had accessed Jamie's information 34 times. Id. ¶¶ 3, 101-06, 306-25, 327. Plaintiffs allege that the accesses were initiated by name, as opposed to license plate number, and that the individual defendants accessing the information did not have a permissible law enforcement purpose legally justifying their accesses. The accesses, including the one at issue here, are concentrated in the northern part of Minnesota, clustered in and around the cities and counties where Jennifer worked.

On December 1, 2014, Grand Rapids disclosed in its discovery responses that Assistant Chief of Police Frank Schref ("Schref") accessed Jennifer's data by name, opposed to license plate number or other identifier, multiple times in an extremely brief period of roughly one minute on March 25, 2010. Schref claims he does not know Jennifer, and although he does not recall why he accessed her information, he maintains he did not access her information "for personal reasons or out of personal curiosity." Schref Aff. [Docket No.161] ¶ 2.

Grand Rapids moved for summary judgment on the basis that Plaintiffs have no facts to

show that Schref's access was unlawful.  Plaintiffs' opposition is rooted in their belief that summary judgment is premature because they have not had an opportunity to conduct any discovery about Schref.  Plaintiffs argue that by deposing Schref and his supervisor, facts may be uncovered to show Schref's access was unlawful.

Prior to the March 23, 2015 hearing on this motion, Plaintiffs moved to amend their pleadings [Docket No. 171].  On April 13, 2015, Magistrate Judge Brisbois granted Plaintiffs' request to substitute Doe Defendants with now-identified individuals and entities.  The Amended Complaint [Docket No. 185] was filed on April 21, 2015.  The defendants remaining in this action are the City of Grand Rapids, St. Louis County, Schref, seven named individuals affiliated with the St. Louis County Sheriff's Office, one named individual affiliated with the Hibbing Court House, and John and Entity Does.

## III.  DISCUSSION

Plaintiffs argue that summary judgment is improper for two reasons.  First, Plaintiffs argue that Grand Rapids failed to comply with Magistrate Judge Brisbois' Pretrial Scheduling Order when making this motion.  Plaintiffs additionally argue that they have not had ample opportunity to gain critical information to oppose Grand Rapids' motion.  Grand Rapids responds that Plaintiffs have failed to comply with Rule 56(d), which requires showing through an affidavit or declaration that Plaintiffs cannot present facts essential to justify their opposition to Grand Rapids' motion.  As to the merits of Plaintiffs' claim, Grand Rapids argues that Schref is entitled to qualified immunity.

**A.  Pretrial Scheduling Order**

The Pretrial Scheduling Order states:

> The parties should attempt to schedule dispositive motions after all discovery has been completed and to schedule all dispositive motions for the same hearing and should strive to avoid duplication in their briefing. If the parties believe early or piecemeal dispositive motion practice is necessary, they <u>should</u> seek permission of the District Judge.

Pretrial Scheduling Order [Docket No. 147] n.5 (emphasis added). While "should" is permissive, the spirit of the Pretrial Scheduling Order anticipated that the parties would seek the Court's permission prior to making a dispositive motion. Nevertheless, while the parties were expected to honor this spirit, Grand Rapids' failure to obtain permission is not fatal to this motion. The plain language of the Pretrial Scheduling Order does not absolutely require prior permission before a dispositive motion can be filed.

## B. Qualified Immunity

Grand Rapids asserts a qualified immunity defense to Schref's access to the database, or "look up." An officer is entitled to qualified immunity unless his conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818-19 (1982). To overcome qualified immunity, a plaintiff must show a violation of a federal statutory or constitutional right and that the right was "clearly established" at the time of the alleged misconduct. <u>Pearson v. Callahan</u>, 555 U.S. 223, 232 (2009).

Courts in this district have concluded that the DPPA is clear that accessing private driver's license information without a permissible purpose violates the law. <u>See</u> <u>Mallak v. Aitkin Cnty.</u>, 9 F. Supp. 3d 1046, 1063-64 (D. Minn. 2014) ("it was clearly established in 2009 and thereafter" that "accessing driver's license information without a permissible purpose violates the law."). However, Plaintiffs have yet to show that Schref's access violated the

DPPA.  Although Grand Rapids contends that Schref's affidavit effectively concludes his lookup was not in violation of the DPPA, as explained below, additional discovery is needed before a determination can be made as to whether Schref violated the DPPA.  Thus, Schref is not presently entitled to qualified immunity.

**C. Timing**

Plaintiffs argue that summary judgment is premature because the record has not been fully developed to determine whether a material fact is genuinely disputed.  Grand Rapids argues that their motion is properly timed because additional discovery will not further amplify the record since the individual who accessed Jennifer's personal information has already provided complete disclosure about the lookup.  According to Grand Rapids, pursuant to Federal Rule of Civil Procedure 56(d), disposition of the instant motion is appropriate because Plaintiffs have failed to submit an affidavit or declaration describing with specificity the evidence it believes discovery will uncover that will preclude summary judgment.

As a general rule, summary judgment is proper "only after the nonmovant has had adequate time for discovery."  In re TMJ Prod. Liab. Litig., 113 F.3d 1484, 1490 (8th Cir. 1997). Under Rule 56(d), a district court may defer considering a motion for summary judgment if a party opposing the motion "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d);[3] Chambers v. Travelers Cos., Inc., 668 F.3d 559, 568 (8th Cir. 2012).  This option exists to prevent dismissal of a party's claim by a premature motion for summary judgment.  Celotex Corp. v. Catrett, 477 U.S. 317,

---

[3] Rule 56(d) was previously Rule 56(f).  Rule 56(f) was recodified "without substantial change" as Rule 56(d) in December 2010.  Chambers, 668 F.3d at 568.

CASE 0:14-cv-00296-ADM-LIB   Document 192   Filed 05/22/15   Page 8 of 9

326 (1986). As the Eighth Circuit has noted, Rule 56(d) "should be applied with a spirit of liberality." U.S. *ex rel.* Bernard v. Casino Magic Corp., 293 F.3d 419, 426 (8th Cir. 2002).

Plaintiffs did not file a Rule 56(d) motion, nor did they submit a Rule 56(d) declaration or affidavit describing how additional discovery will provide the necessary facts to rebut Grand Rapids' motion. District courts, however, have wide discretion to determine whether a claim is ripe for summary judgment. TJM Prod. Liab. Litig., 113 F.3d at 1489; Premier Elec. Const. Co. v. Int'l Bros. of Elec. Workers, 627 F. Supp. 957, 967 (N.D. Ill 1985) rev'd on other grounds 814 F.2d 358 (7th Cir. 1987). Plaintiffs have clearly asserted their need for additional discovery to oppose the summary judgment motion. Plaintiffs identify specific discovery they seek to pursue. Indeed, Plaintiffs submit that they have noticed the deposition of Schref and plan to depose his supervisor. The presumed goal of this discovery is to uncover facts that show Schref's lookup was motivated out of personal curiosity or some other impermissible purpose. Given the amount of time that has elapsed since the lookup and the short duration of the incident, this may be difficult to do. Plaintiffs' prospect is further hindered by the broad law enforcement exception to DPPA liability that may shelter Schref's conduct. See Metcalfe v. Priebe, No. 13-1692, 2014 WL 5106851, at *2 (D. Minn. Oct. 10, 2014) ("The contours of the law-enforcement exception are not clearly defined, but the text, legislative history, and case law support interpreting it broadly."). While it is highly unlikely that deposing Schref will bear fruit in light of his statement claiming he cannot remember the specific reasons why he accessed Jennifer's information in a single minute some five years ago, requests pursuant to Rule 56(d) are to be construed "liberally." Casino Magic Corp., 293 F.3d at 426.

Plaintiffs will thus be given a limited opportunity to develop their case against Schref.

See Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987) ("[W]e have emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation."). If, as Plaintiffs represent, Schref's deposition has been noticed, it shall proceed as planned. Any further discovery aimed at investigating Schref's lookup, including Plaintiffs' alleged desire to depose his supervisor, is currently prohibited. If, after deposing Schref, Plaintiffs believe they have sufficient grounds to justify additional discovery, they must obtain prior permission from Judge Brisbois. On the other hand, if Schref's deposition fails to raise facts to rebut Schref's assertion that the lookup was not in violation of the DPPA, Grand Rapids may renew its summary judgment motion at that time.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that City of Grand Rapids and City of Virginia's Motion for Summary Judgment [Docket No. 158] is **DENIED**.

BY THE COURT:


     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 22, 2015.