# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jennifer Rae Heglund and
Jamie Lee Heglund,

          Plaintiffs,

      v.

City of Grand Rapids; St. Louis County; John
and Jane Does (1 - 600) acting in their individual
capacity as supervisors, officers, deputies, staff,
 investigators, employees or agents of the other
governmental agencies; Entity Does (1-100)
including cities, counties, municipalities,
and other entities sited in Minnesota; Frank
Scherf acting in his individual capacity as the
Assistance Chief of the Grand Rapids
Police Department; William Evans acting in his
individual capacity as the Deputy of the St. Louis
County Sheriff's Office; Kevin Friebe acting in
his individual capacity as a Sergeant of the St. Louis
County Sheriff's Office; Eric Hanegmon acting in his
individual capacity as a Deputy of the St. Louis
County Sheriff's Office; David Lovaas acting in his
individual capacity as a Deputy of the St. Louis
County Sheriff's Office; Diane McComesky
acting in her individual capacity as an employee of
St. Louis County; Linda Smith acting in her
individual capacity as an employee of the St.
Louis County Sheriff's Office; Wayne Toewe acting
in his individual capacity as a Deputy of the St. Louis
County Sheriff's Office; and Kenneth Weis acting
in his individual capacity as a Deputy of the St. Louis
County Sheriff's Office.

          Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 14-296 ADM/LIB

---

Jonathan A. Strauss, Esq., Lorenz F. Fett, Jr., Esq., and Sonia L. Miller-Van Oort, Esq.,
Sapientia Law Group, Minneapolis, MN, on behalf of Plaintiffs.

Susan M. Tindal, Esq., Jon K. Iverson, Esq., and Stephanie A. Angolkar, Esq., Iverson Reuvers
Condon, Bloomington, MN, on behalf of Defendants.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiffs Jennifer Rae Heglund and Jamie Lee Heglund's ("Plaintiffs") Motion for Review of the Clerk's Action Regarding Cost Judgment [Docket No. 238] ("Motion").  Plaintiffs argue that the October 7, 2016 Cost Judgment [Docket No. 236] should be reduced by $1,240.00.  Plaintiffs also request staying execution of the Cost Judgment pending their appeal to the Eighth Circuit.  For the reasons set forth below, Plaintiffs' Motion is granted in part and denied in part.

## II.  BACKGROUND

The underlying action alleges violations of the Driver's Privacy Protection Act ("DPPA").  Plaintiffs originally sued nearly three dozen Minnesota cities, over one dozen Minnesota counties, the current and former Commissioner of the Department of Public Safety ("DPS"), unknown DPS employees, unknown individuals, and unknown entities, including cities, counties, and municipalities, as defendants.  Because the complete factual background of this dispute has been fully recited in previous orders, only facts pertinent to the present dispute will be presented.

On September 5, 2014, the listed City Defendants, other than Grand Rapids, were dismissed on statute of limitations grounds.  See Mem. Op. Order [Docket No. 138]. On June 1, 2016, Defendants City of Grand Rapids and Frank Scherf's Motion for Summary Judgment was granted.  See Mem. Op. Order [Docket No. 215].  On June 17, 2016, Defendants Cities of Aitkin, Babbitt, Biwabik, Breiting, Chisholm, Deer River, Ely, Emily, Eveleth, Floodwood, Forest Lake, Gilbert, Hermantown, Hill City, Hoyt Lakes, International Falls, Keewatin, Leech Lake, Maple Grove, Nashwauk, Orono, Roseau, Sartell, St. James, Two Harbors, Cook, Cloquet, and Grand Rapids, and former Grand Rapids Assistant Chief of Police Frank Scherf ("Defendants") filed

their Bill of Costs [Docket No. 222] totaling $3,311.85.  The Affidavit in Support of the Bill of Costs [Docket No. 223] claimed $2,275.00 for deposition transcripts, $904.65 for mileage and hotel fees, $112.20 for copies, and $20.00 for docket fees.

Plaintiffs Objected [Docket No. 225] to the Bill of Costs, arguing that the total should be reduced by $2,144.65 to offset untaxable costs related to certain depositions and travel expenses. On October 7, 2016, the Clerk entered a Cost Judgment [Docket No. 236] in favor of Defendants for $2,407.20.  The Clerk agreed with Plaintiffs that travel expenses were not taxable, but disagreed that the challenged deposition expenses should be excluded.

Plaintiffs seek review of the Clerk's decision to award Defendants the full amount of their deposition expenses, arguing that because Plaintiffs settled their claims with St. Louis County, Defendants did not reasonably rely upon the depositions of St. Louis County personnel in defending this action.  Plaintiffs also request staying enforcement of the Cost Judgment pending their appeal to the Eighth Circuit.  Defendants argue that the deposition costs are properly taxed because Plaintiffs refused a Rule 68 Offer of Judgment that was more favorable than dismissal.  Defendants also oppose a stay.

### III.  DISCUSSION

#### A.  Costs

Plaintiffs object to Defendants' recovery of deposition costs of St. Louis County employees.  Plaintiffs argue that since the City of Grand Rapids and Frank Scherf in no way relied upon the depositions of St. Louis County employees to prevail at summary judgment, the expenses related to the depositions were not reasonably related to the defenses or dismissal and should not have been taxed by the Clerk.  Defendants respond that Federal Rule of Procedure 68(d) provides for costs incurred after an unaccepted settlement offer if the judgment ultimately

3

obtained is more favorable than the rejected offer.  According to Defendants, since Plaintiffs rejected a more favorable Rule 68 offer, they are entitled to recoup the costs they incurred after the offer was made.

28 U.S.C. § 1920(2) provides for taxation of costs for "printed or electronically recorded transcripts necessarily obtained for use in the case."  See also Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 762–63 (8th Cir. 2006).  The District of Minnesota Bill of Costs Guide echoes §1920(2), requiring that "[t]he requesting party explain[] why the transcript was necessarily obtained."  United States District Court for the District of Minnesota, Bill of Costs Guide, (2015), http://www.mnd.uscourts.gov/FORMS/Clerks_Office/Bill-of-Costs-Guide.pdf.

Under Federal Rule of Civil Procedure 68(d), "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  But this does not mean all costs after a rejected Rule 68 offer are recoverable; only "costs properly rewardable in an action are to be considered within the scope of Rule 68 'costs.'"  Marek v. Chesny, 473 U.S. 1, 9 (1985).

Defendants' argument that the unaccepted Rule 68 Offer of Judgment entitles them to recover the costs of the St. Louis County employees' depositions is unpersuasive.  The depositions in dispute had no bearing on the outcome of the case involving the City of Grand Rapids or Frank Scherf.  Therefore, because they were not "necessarily obtained for use in the case," they are not properly recoverable.  28 U.S.C. § 1920(2).  Furthermore, the parties stipulated to dismissal of Plaintiffs' claims against St. Louis County and its employees "without any award of costs and disbursements (including attorneys' fees) to any party."  Stipulation Dismissal [Docket No. 217].

## B.  Stay

Plaintiffs argue that enforcement of the Cost Judgment should be stayed pending their appeal to the Eighth Circuit.  Plaintiffs' request is threadbare, made without legal authority and without specificity.  Plaintiffs have not submitted a bond for approval; Plaintiffs' merely state that "it would be appropriate to stay the Cost Judgment until after the Court of Appeals rules as a reversal is possible."  Mot. at 5.

An appellant may request and obtain a stay of judgment pending appeal as a matter of right upon posting a supersedeas bond.  See Fed. R. Civ. P. 62(d).  "The general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interests, costs, and damages for delay."  Adzick v. Unum Life Ins. Co. of Am., No. 99-808, 2003 WL 21011345, at *1 (D. Minn. Apr. 16, 2003).

Enforcement of the Cost Judgment will not be stayed.  Plaintiffs have not proffered a reason why the bond requirement should be waived.  "If a court chooses to depart from the usual requirement of a full security bond[,] it should place the burden on the moving party to objectively demonstrate the reasons for such departure.  It is not the burden of the judgment creditor to initiate contrary proof."  United States v. O'Callaghan, 805 F. Supp. 2d 1321, 1324–25 (M.D. Fla. 2011).  Accordingly, execution of the Cost Judgment will not be stayed.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs Jennifer Rae Heglund and Jamie Lee Heglund's Motion for Review of the Clerk's Action Regarding Cost Judgment [Docket No. 238] is **GRANTED IN PART** and **DENIED IN PART**:

1.  Plaintiffs' request to modify the Cost Judgment is **GRANTED**.  The Cost

Judgment [Docket No. 236] is to be reduced by $1,240.00, the costs related to the depositions of Wayne Toewe, Linda Smith, Nicholas Toewe, Diana McComesky, David Lovass, Eric Hanegmon, and Kenneth Weis.  Costs are taxed against Plaintiffs in the amount of $1,167.20; and

2.      Plaintiffs' request to stay enforcement of the Cost Judgement is **DENIED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 2, 2016.

6